JOINT BOARD OF COUNTY COMMISSIONERS *v.* LINDE-
MEYER ET AL.

(Decided March 5, 1928.)

*Mr. William B. James* and *Mr. E. M. Fries,* for plaintiff in error.

*Mr. Earl D. Bloom,* for defendants in error.

WILLIAMS, J. The plaintiffs, Henry Lindemeyer and others, brought an action in the court of common pleas against the defendant, the joint board of county commissioners, under Section 6503, General Code, to recover damages, claimed to have been sustained to plaintiffs' land, located in Wood county, by reason of the change of the route of the Portage river under the ditch law without notice thereof to plaintiffs. Upon trial of the cause a verdict was returned in favor of plaintiffs in the sum of $1,000. Judgment was entered thereon, and this proceeding in error is brought to reverse that judgment.

In the original proceeding before the joint board of county commissioners it was ordered that the improvement be constructed along the bed of the Portage river. A change in route was made, it is claimed without notice to the owners, by which, for a part of the distance, a new channel was cut, leaving some of the plaintiffs' lands in the shape of an "island," as it was termed.

It is claimed that the court below erred in permitting the jury for the trial of the cause to be drawn from the adjoining county of Sandusky. Under Section 11418-1, General Code, in a civil case, in which the board of county commissioners of the county in which the cause is pending is a party, the court shall certify that fact to the clerk of the court of common pleas in an adjoining county, together with the time fixed for the trial of said cause, and the number of jurors to be drawn, and shall order

such clerk to draw from the jury wheel the number of names of persons required to serve as jurors. The jury was drawn from Sandusky county under this section, and exceptions thereto were duly saved. It is true that the action below was against the joint board of county commissioners, but under Section 6543, General Code, all claims for compensation or damages in the construction of county ditches are to be paid out of the treasury of the county in which the land is located. The members of the board of county commissioners of Wood county constituted a part of the joint board, and the judgment obtained would be payable out of the treasury of Wood county. Section 11418-1 is remedial and should be given a liberal construction. There is no claim that the jury was not a fair and impartial one, and we are of the opinion that in the drawing and impaneling of the jury the trial court committed no error to the prejudice of the plaintiff in error.

Many questions are made upon the admission and rejection of evidence, but we are unable to say that there was any ruling made thereon that was prejudicial to the plaintiff in error.

The defendant below submitted certain requests to charge before argument, which were refused by the court, and plaintiff in error claims that in so doing the court erred. These requests are as follows:

"If you find from the evidence that no greater damage resulted to the plaintiffs from the construction of the improvement through their lands, along the line where it has been constructed, than would have resulted to them had the improvement followed along the old river bed through their lands, then the

plaintiffs are not entitled to any damages in this case."

"If you find from the evidence that the improvement of the Portage river through plaintiffs' lands, if the old bed of the river had been followed, would have resulted in the throwing up of a high bank of dirt along the banks of the river, that is an element which you should take into account in determining whether or not the bank of dirt thrown out of the new cut is more unsightly and objectionable than the dirt which would have been thrown out along the old line of the river."

The court also charged in the general charge as follows:

"If you find from the evidence that the joint board of county commissioners changed the course of this improvement after the first location of it, then the jury should return a verdict for the plaintiffs."

Plaintiff in error claims that in so charging and in so refusing to charge the court erred. We do not think that there was any reversible error in the rulings of the court upon these requests, or in giving the part of the charges quoted. We think that under the evidence the plaintiffs in any event would be entitled to recover something, and we think that the amount the plaintiffs were entitled to recover should be the actual amount of damages sustained, regardless of what damages they would have suffered by the construction of the improvement in the bed of the river, as originally located.

We do not think there was any error in refusing defendant's request No. 5. Nor did the court commit any error in charging upon compensatory damages. It is true that the charge upon damages

might have been more complete, but the defendant below made no request in respect thereto, and we think that it should not now be permitted to complain because the court failed to charge further upon that phase of the case.

We are of the opinion that the amount awarded is not excessive and that substantial justice has been done between the parties.

We find that in the final journal entry interest is awarded from June 27, 1927. We believe that interest should be allowed on the judgment only from the date of its rendition, and that the judgment should be modified accordingly. In this respect the judgment will be modified, and as modified it will be affirmed.

*Judgment modified and affirmed.*

RICHARDS and LLOYD, JJ., concur.